UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 JUL 29 P 12: 29

U.S. DISTRICT COURT
DISTRICT OF MASS.

Anthony Bynum,
  Petitioner,

vs.

United States Of America,
  Respondent,

04 11694 RGS

Criminal Case No. 1:02-CR-10216-01-RGS

MAGISTRATE JUDGE Cohen

Civil Action NO. _____

MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE, PURSUANT TO
THE PROVISIONS OF TITLE 28
UNITED STATES CODE, SECTION 2255

Submitted By:
Anthony Bynum
Reg. #24294-038
Petitioner-pro-se
United States Penitentiary
Post Office Box 26030
Beaumont, Texas 77720-6030

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

   A. Ground one: See attached brief, ISSUE 1 to be presented on review.

   Supporting FACTS (state *briefly* without citing cases or law)

   B. Ground two: See attached brief, ISSUE 2 to be presented on review.

   Supporting FACTS (state *briefly* without citing cases or law):

   C. Ground three: See attached brief, ISSUE 3 to be presented on review.

   Supporting FACTS (state *briefly* without citing cases or law):

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Anthony Bynum,<br>    Petitioner, | : | |
| | : | Criminal Case No.<br>1:02-CR-10216-01 |
| vs. | : | |
| | : | Civil Case No. |
| United States Of America,<br>    Respondent, | : | _____ |

---

MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO
THE PROVISIONS OF TITLE 28
UNITED STATES CODE, SECTION 2255

Comes Now, Anthony Bynum, pro-se, who shall hereinafter be referred to as petitioner in the above captioned matter, and respectfully moves this Honorable Court, to grant the relief that's being sought in this petition submitted pursuant to the provisions of Title 28, United States Code, Subsection 2255.

Petitioner will show herein, that the issues presented in this petition, are non-frivolous, and can be factually and legally substantiated, by candidly reviewing the records surrounding petitioner's case, along with the exhibits that's attached hereto, as proof in support of the issues raised.

Petitioner will further show, through the Memorandum Of Law being relied upon, that he has been denied certain basic Constitutional Rights, thats been extended to him, under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution... Rights that not only guarantees due process of law, but equal protection of the law... to defendants, such as petitioner, who has been called upon to defend himself against criminal charges thats been alleged in a federal indictment.

That petitioner is entitled to the relief he now seeks.

As a rule, a liberal interpretaion of pleadings submitted by pro-se litigants, should be applied, <u>Haines vs. Kerner</u>, 404 U.S. 519, 529, (1972).

## JURISDICTION

This court has the jurisdictional authority, with which to entertain the issues that's presented in this petition, pursuant to the provisions set-forth in Title 28, U.S.C. 2255, in that:

"Petitioner is currently in the custody of the United States Attorney General, serving a term of imprisonment, having been committed thereto, by the United States District Court, for the District Of Massachusetts, on a Order issued by Honorable Richard G. Stearns, United States District Court Judge, following a conviction and subsequent sentence, for violations of the laws of the United States."

That, petitioner now asserts, that his conviction and custody therefrom, is in total violation of the United States Constitution, and the laws of the United States of America.

## FACTUAL BACKROUND

On February 27, 2002, petitioner was arrested and charged with distribution of .57 grams of cocaine base.

A federal grand jury subsequently indicted petitioner for a violation of Title 21, United States Code, Subsections 841 (A)(1) and 841 (b)(1)(c), to which petitioner plead guilty.

On July 24, 2003, following a in-court review of the presentence report, Honorable Richard G. Stearns, United States District Court Judge, after taking into account the information which was computed in the pre-sentence report characterizing petitioner as a career offender, and rejecting the calculated Offense Level of 32, total of 108 months, by departing downward as to the criminal history category, pursuant to Sub-section 4A1.3 of the Sentencing Guidelines.

In rejecting proposed recomended calculated sentence, under the career offender status, Judge Stearns stated in the court's "Statement Of Reasons," in the Judgement and Commitment Order, that:

"The Court departs downward to Criminal History Category III, pursuant to U.S.S.G. 4A1.3... Because the career offender status overstates the defendant's seriousness of the offense."

ISSUES PRESENTED

(1) Abuse Of Discretion by the Sentencing Court, in adopting the findings of the probation officer, surrounding the characterization of petitioner as a career offender in the Pre-Sentence Report, pursuant to subsection 4B1.1 of the U.S. Sentecing Guidelines... that was plain error, that deprived the petitioner of a fair trial and sentencing.

(2) Ineffective Assistance of Counsel, by trial counsel during the Sentencing Proceedings... In violations of the sixth Amendment and <u>Strickland vs. Washington</u>, 446 U.S. 668 (1984).

ARGUMENTS AND MEMORANDUM
OF LAW IN SUPPORT

ISSUE #-1:

ABUSE OF DISCRETION BY
THE SENTENCING COURT

The trial court that accepted the petitioner's guilty-plea surrounding the one count indictment, that charged a violation of 21, U.S.C., Subsection 841 (A)(1), also conducted the sentencing proceedings on July 24,2003, that resulted in the imposition of a 108-months sentence, which, petitioner now asserts, was imposed in violation of the court's discretionary power... that, deprived petitioner of his right to a fair trial, and equally fair imposition of sentence.

The record of the sentencing proceedings on July 24, 2003, refects that:

"The court, prior to making a determination as to what sentence would be imposed, reviewing and adopted the factual findings and guideline's applications, as was

set-out by the probation officer."

The presentence report, as calculated and computed for review and possible application by the sentencing court... contained references to Subsections 2D1.1, 2D1.1 (A)(3), 2D1.1 (C)(12), 4B1.1 (b)(c), and 3E1.1(b), of the United States Sentencing Guidelines... that supposingly, was applicable to petitioner's case.

The original base offense level, set by the probation officer in the pre-sentence report, based upon the drug amount, calculated under subsection 2D1.1(c) (12), was 13... the criminal history category was III,... which, under the Sentencing Table, in terms of months, called for a sentence of 18-24 months imprisonment, surrounding the instance offense to which petitioner plead guilty.

Taking into account two (2) prior state convictions, reflective of the criminal history record pertaining to the petitioner-the-probation officer, utilizing Subsection 4B1.1 of the U.S. Sentencing Guidelines, to placed petitioner in "Career Offender Status," which elevated his total Base Offense Level to 32, and his Criminal History Category to VI. (Based upon an Acceptance of Responsibility by petitioner, his Base Offense Level, was calculated at 29).

The court, (as previously stated in this motion by petitioner), refused to sentence petitioner under the career offender calculations, ruling that:

"The court departs downward to Criminal History Category III, pursuant to Subsection 4A1.3, because the career offender status overstates the seriousness of the defendant's offense."

Petitioner does not refute, that the sentencing court departed downward, to-impose petitioner's Criminal History Category back to III.

However, the sentencing court left the career offender status intact, and imposed an enhanced sentence of 84-months more than the sentence originally calculated by the probation officer, which was predicated upon a Base Offense Level of 13, and Criminal History Category III.

-4-

Subsection 4B1.1, of the U.S. Sentencing Guidelines, provides that:

"Career Offender Status must be assigned to a defendant, if:(1) the defendant was eighteen years of age at the time of the instant offense... (2) the instant offense is a felony, that is a crime of violence, or controlled substance offense... and (3) the defendant has at least two prior felony convictions, of either a crime a violence, or a controlled substance offense."

The probation officer, who has been ordered by the court to prepare a pre-sentence report, is charged with being "legally qualified" to interpret the Sentencing Guidelines, and calculate their application, in accordance with a defendant's Base Criminal Offense Level, and Criminal History Category.

A sentencing court, that has the responsibility of choosing the appropriate sentence to impose, based upon the sentencing range in the sentencing table that corresponds with the defendant's total base offense level and criminal history category calculated by the probation officer... "relies completely," upon those calculations being accurate.

Any mis-calculations by the probation officer, can result in thedefendant being in-appropriately sentenced, based upon information that was not applicable to the base offense level, or criminal history category.

Title 18, U.S.C., Subsection 3559, setes forth provisions to be taken into account, when considering a sentence surrounding a career offender.

Subsection 3559(c) provides that:

"Notwithstanding any other provision of the law, a person who is convicted in a court of The United States of a serious violent felony, shall be sentenced to life imprisonment, if... (A) the person has been convicted, (and those convictions has become final), on separate prior occasions in a court of the United States, or of a state of (i) 2 or more violent felonies; or(ii) one ore more violent felonies and one or more serious drug offenses; and (B) each serious violent felony or serious  drug offense used as a basis for sentencing under this Subsection, other

-5-

than the first, was committed after the defendant's conviction of the proceeding serious violent felony or serious drug offense."

Subsection 3559(c)(2)(F), provides that:

"the term serious violent felony means-(i) a federal or state offense, by whatever designation and wherever committed, consisting of murder, (as described in 18, United States Code, Subsection 1111); manslaughter, (as described in section 1112); assault with intent to commit murder, (as described in section 113(A)); Robbery, (as described in section 2111, 2113, or 2118; carjacking, (as described in section 2119), extortion; arson; firearms use; firearms possession, (as described in section 924(c); or attempt, conspiracy, or solicitation to commit any the above offenses; and (ii) Any other punishable by a maximum term of imprisonment of ten (10) years or more, that has an element, the use, attempted use, or a threatened use of physical force against the person of another or that, by it's nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense."

Subsection 3559(c)(2)(H), provides that:

"The term serious drug offense, means... (i) an offense that is punishable under Subsection 402(b)(1)(A) or 408, of the controlled Substance Act (21, U.S.C., Subsection 841(b)(1)(A), 848), or section 1010 (b)(1)(A); or (ii) an offense under state law that, had the offense been prosecuted in a court of the United States, would have punishable under Subsection 401(b)(1)(A) or 408 of the Controlled Substances Act, (21, U.S.C. Subsection 841(b)(1)(A), 848), oe section 1010(b)(1)(A) of the Controlled Substance Import and Export Act, (21, U.S.C., Subsection 960(b)(1)(A)).

Subsection 3559 (4), provides that:

"The provisions of Section 411(A) of the Controlled Substances Act 21, U.S.C., Subsection 851 (A) shall apply the imposition of sentence under this Subsection."

A candid review, and legal interpretation of Title 18 U.S.C., Subsection 3559 (c)(1)(A)(i)(ii) and (B)... also, (c)(2)(F)(i)(ii) and, (c)(2)(H)(i)(ii); and 4,

-6-

... When read in the light thats even most favorable to the government... clearly reflects that:

"Neither one of the of the two (2) prior convictions, utilized and relied upon by the probation officer... which the sentencing court adopted, was factually sufficient, or legally stable, to trigger application of Subsection 4B1.1 of the U.S. Sentencing Guidelines... to classify petitioner as a career offender... qualifying petitioner for enhanced punishment."

The state conviction, which was a result of a guilty plea entered by petitioner, to a complaint that was filed by Sgt. Paul W. Durfee, of the Brockton, Mass. Police Dept. alleging assault Ms. Tara Stone, who was petitioner's girlfriend, surrounding a domestic argument, in which petitioner slapped Ms. Stone on the night of July 16, 1999.

On February 29, 2000, a plea of guilty was entered by petitioner and accepted by the court, as to the charge of assault that was allegeed in the "domestic violence" complaint.

A term of one-year probation was imposed upon petitioner which succesfully completed on February 28, 2001, at which time, the court terminated all obligations surrounding the probation.

Under the definition set-out in Title 18, U.S.C., Subsection 3559(c)(2)(F)... the prior state-conviction, surrounding a domestic violence complaint, that involved a open hand-slap to the face of Ms. Stone... does not fit into the criteria, that can be utilized to seek an enhanced punishment as a career offender, under Subsection 4B1.1, of the United States Sentencing Guidelines.

While Subsection 3559(c)(2)(F), sets out the various crimes, in respect to serious violent felonies, that are classified as "usable prior convictions" that can be utilized to enhance a sentence of current conviction... Subsection 3559(c)(2)(F)(ii), goes a step further in defining other criminal acts that has as assault as an element of the crime charged, for which a defendant has been convicted, previously:

-7-

"Any other offense punishable by a maximum term of imprisonment of ten (10)-years or more, that has an element, the use, attemted use, or threatened use of physical force against the person of another, or that, by its nature, involves a substantial risk that physical force against the person of another, may be used in the course committing the offense."

"The alleged assault charge of slapping Ms. Stone, which was being pursued for prosecution as a "domestic violence complaint," did not qualify as a serious violent offense under the Subsection 3559 (c)(2)(F)(ii) definition, because: The domestic violence complaint, was a misdemeanor, under Massachusetts' Law, that did not carry a maximum penalty of 10-years or more... nor, was the open-hand slap of Ms. Stone, an attemt, or threat of more physical force, as an inticement, to comply with other criminal acts."

Petitioner contends that, had the same offense been prosecuted in a federal court before a United States Magistrate Judge... the alleged offense, would not have been clasified as a serious violent felony as defined, according to 18, U.S.C. Subsection 3559(c)(2)(F)(i).

Wherefore, the prior-conviction that petitioner incurred, on the basis of his guilty plea, surrounding a domestic violence complaint... which the probation officer utilized as a second prior-conviction, to seek an enhancement of punishment, under the career offender status, that's applied pursuant to Subsection 4B1.1, of the U.S. Sentencing Guidelines... was erroneously utilized, which should not have been taken into account by the sentencing court... who adopted the pre-sentence report's recommendation, to impose a sentence in compliance with the career offender status of petitioner, that was attached, based upon that conviction... which amounted to an abuse of discretion by the sentencing court, that is plain error.

Petitioner, respectfully request this court, pursuant to the provisions of Subsection 2255, to rectify the abuse of discretion and plain error, that followed therefrom... in the manner of vacating the career offender status applied to him... and

-8-

resentence petitioner in compliance with the original pre-sentence report's calculation and recommendations, under the Sentencing Guidelines... that were conducive to the plea entered, and nature of offense charged.

### INEFFECTIVE ASSISTANCE OF COUNSEL

This issue, which is directed towards the performance of Mr. William White, (petitioner's trial attorney), at the sentencing proceedings, that deprived petitioner of effective assistance of counsel, as required under the Sixth Amendment, and reinforced by the United States Supreme Court's decision, rendered in Strickland v. Washington, 466 U.S. 688 (1994).

Since this Honorable Court is fully knowledgable of the legal context, surrounding both, the right to effective assistance of counsel under the Sixth Amendment, and the requirements under Strickland... petitioner will needlessly dwell upon either of those well-established principles, that highlights ineffective assistance of counsel.

The record unequivocally reflects, that:

"Mr. White put forth no legal argument, (prior to, or during the sentencing proceedings), challenging the validity of the pre-sentence report...that classified the petitioner as a career offender, based upon two (2) or more prior convictions, that consisted of a serious violent felony, or serious drug offense."

Failure to challenge the career offender status, attached to petitioner, was due to counsel's failure to conduct a reasonable investigation, into, not only, the validity and status of the two (2) prior convictions of petitioner... but, also the criteria thats required under federal statutory laws, which qualifies a prior conviction to be utilized, in establishing enhancement of punishment as to a career offender.

Had such an investigation took place, it cannot be refuted, that the "mitigating evidence" surrounding the "lack" of qualifying criteria, as to the domestic violence assault conviction, incurred against petitioner, would have been discovered by counsel.

This mitigating edicence, if presented to the sentencing court, would have caused the court to "candidly expand" review of the career offender status of petitioner, beyond what the pre-sentence report illustrated... thus, mandating dismissal of that status... instead, of the court's conclusionary finding, that:

"The career offender status applied to petitioner, overstates the seriousness of the offense utilized to establish career offender status."

Petitioner asserts that the record clearly shows that he was prejudiced by counsel's unprofessional errors, in not conducting a reasonable investigation into the sufficiency of the evidence surrounding the two (2) prior convictions utilized to establish career offender status.

That, in utilizing the record, petitioner has set-forth clear and convicing evidence which satisfy both prongs of <u>Strickland</u>:

(1) that counsel's objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome of the proceedings."

Wherefore, it is clear, that in allowing the court to rely solely upon the pre-sentence report, in concluding and sentencing petitioner as a career offender... without presenting any factual or legal evidence, that was readily available upon investigation, to contradict petitioner's status as a career offender... deprived petitioner of his right to effective assistance of counsel... based upon counsel's ineffective assistance... which was in violation of the Sixth Amendment.

———

Should thee Court find that thee career offender status inposed upon petitioner's, is justifiable under 4B1.1 of the U.S. Sentencing Guidelines... Surely, in the interest of justice and fairness in sentencing... the court would not find justification in the "guideline sentence" imposed, which consisted of 84 months greater than the sentence calculated and recommended by the probation officer, in complaince with the guidelines sentencing table.

III. WHETHER PETITIONER'S SENTENCE WAS OBTAINED IN VIOLATION OF APPRENDI V. NEW JERSEY BY THE DISTRICT COURT RELYING ON THE PROBATION OFFICE ASSESSMENT OF FACTS AS PRESCRIBED IN THE PSR TO SENTENCE HIM TO 108 MONTHS AND TO SUBSTANTIALLY INCREASE HIS BASE OFFENCE LEVEL AND CRIMINAL HISTORY CATEGORY ULTIMATELY ALTERING PETITIONERS RANGE OF PUNISHMENT WITHOUT THE CONSTITUTIONAL PROTECTIONS OF GRAND JURY INDICTMENT, JURY TRIAL AND PROOF BEYOND A REASONABLE DOUBT.

## STATUTES

1. 21 U.S.C. § 841(a)(1)
2. 21 U.S.C. §841(b)1(c)
3. N.J. Stat.Ann. §2C-43-7(a)(3)
4. N.J. Stat.Ann. §2C:44-3(e)

---

## MISSCELLANEOUS

1. U.S.S.G. §2K2.1(a)(2)
2. U.S.S.G. §4B1.1
3. U.S.S.G. §2D1.1
4. U.S.S.G. §3E1.1

---

CONSTITUTIONAL
PROVISIONS

Amendment 5

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or Naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be suject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be an witness against himself, nor be deprived of life, liberty, or property, without the due process of law; nor shall private property be taken for public use, without just compensation.

Amendment 6

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have previously ascertained by land, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses to have the assistance of counsel for his defence.

At stake in this case are constitutional protections of historic and critical importance to our Anglo-American jurisprudence: the prohibition of any deprivation of liberty without "due process of law". [FN1] The requirement in a criminal proceeding proof beyond a reasonable doubt and the guarantee that "[I]n all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, by an impartial jury" after notice in an indictment by an grand jury. U.S. Const.Amends. V, VI. The fifth amendment due process rights and the sixth amendment guarantees of notice and jury trial indisputely entitle a criminal defendant to "a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." 508 U.S. 275, 278 (1993); In Re Winship, 397 U.S. 358, 364 (1970) ("[T]he Due Process Clause protects the accused against judgment and commitment except upon proof beyond a reasonable doubt of every fact necessary to constitute the offence wiht which he is charged"."). An instruction which assume a fact in issue is prejudicialy erroneous, Lyons v. United States 325 F.2d 370, 375 (9th cir.) 1963, cert. denied.

In this case petitioner was charged with (Count One), 21 U.S.C. § 841(a)(1). Subsequent to petitioner's plea of guilt, the district court imposed a sentence of 108 months pursuant to §4B1.1. However, a jury was not empaneled to determine the status of 'career offender' in this instant matter.

[FN1] Due process of law requires: No court without jurisdiction . No judge without a court . No probable cause without consent of a judge or grand jury . No warrant without probable cause . No lawful search/seizure without warrant . No admissible evidence without lawful search/seizure . No admissible evidence via your compelled testimony . No indictment without admissible evidence . No trial without indictment . No trial without a jury . No guilty verdict without a jury of your peers (equals) . NO JUDGMENT WITHOUT A UNANIMOUSLY GUILTY VERDICT . No execution upon life/liberty/property without valid court judgment.

13

This case squarely presents constitutional issues addressed by Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, (1998), Jones v. United States, 526 U.S. 227 (1999), Castillo v. United States, 120 S.Ct. 2000(2000) and resolved by Apprendi v. New Jersey, No. 99-478, 2000 WL 807189 (U.S. June 26, 2000). In Apprendi, the Court unequivocally held that "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." Id. at *13 (citing Jones, 526 U.S. at 252-53 (Stevens, J., concurring)). Apprendi makes clear that whenever the statutorily permissible punishment varies according to the presence or absence of an identifiable fact or element described within a statute, that fact must be pleaded in the indictment and found by jury beyond a reasonable doubt.

The petitioner in this case was sentenced to a term of 108 months imprisonment pursuant to §4B1.1. When the district court sentenced petitioner pursuant to §4B1.1 as prescribed in the PSR, the judge exceeded his proper authority. It is unconstitutional for a judge to inflict such punishment that a jury's verdict alone does not allow, when the jury has not found all the facts which the constitution makes essential to punishment.

Absent the judge's determination of the identifiable career offender "statute", petitioner would had been facing a sentence of 27-33 months according to his relevant statutory maximum. Petitioner's sentence of 108 months pursuant to §4B1.1 increased the range of punishment to which petitioner was exposed.

14

"[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. This pronouncement is the culmination of the Court's struggle to delineate what the constitution requires in the face of legislature schemes that tend to erode the protection afforded by the right to a jury trial by couching elements of a crime as sentencing enhancement. Petitioner, Bynum was charged with and plead guilty of having violated 21 U.S.C. § 841(a)(1). The prescribed range of penalty of 188 months as indicated in the PSR was a 'prejudgment of an issue of fact' which usurped the jury's function and warrants a constitutional error when the judge rather than the jury determined all the facts legally essential to petitioner's sentence. U.S.S.G. §4B1.1 was not charge by grand jury, neither proved beyond a reasonable doubt by trial jury. Because the due process clause of the fifth amendment and jury trial guarantees of the sixth amendment protects Bynum against the invariable linkeage of punishment and conviction of the offence with which he was or was not charged, and punishment with which he was exposed. Bynum sentence under U.S.S.G. §4B1.1 must be vacated.

J. Story, Commentaries on the constitution of the United States 540-41 4th ed. 1873, trial by jury has been understood to require that "the truth of [e]very accusation whether preferred in the shape of indictment, information or appeal, should afterwards be confirmed by the unanimous suffrage of twelve of the defendant's equals and neighbors . . . " 4 W. Blackstone, (emphasis added)). See also Duncan v. Louisiana 391 U.S. 145, 151-154, 88 S.Ct. 1444 20 L.ed. 2d 491 (1968).

III.	WHETHER PETITIONER'S SENTENCE WAS OBTAINED IN VIOLATION OF APPRENDI V. NEW JERSEY BY THE DISTRICT COURT RELYING ON THE PROBATION OFFICE ASSESSMENT OF FACTS AS PRESCRIBED IN THE PSR TO SENTENCE HIM TO 108 MONTHS AND TO SUBSTANTIALLY INCREASE HIS BASE OFFENCE LEVEL AND CRIMINAL HISTORY CATEGORY ULTIMATELY ALTERING PETITIONERS RANGE OF PUNISHMENT WITHOUT THE CONSTITUTIONAL PROTECTIONS OF GRAND JURY INDICTMENT, JURY TRIAL AND PROOF BEYOND A REASONABLE DOUBT.

When a judge inflicts punishment that a jury's verdict alone does not allow, the jury has not found all the facts which the law deems essential to punishment, and the judge exceeds his proper authority. For Apprendi purposes, is the maximum sentence a judge may imposed solely on the basis of the facts reflected in the jury verdict or admitted by the defendant . . . In other words, the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.

In this case, the sentencing court was presented with a presentence investigation report (PSR) prepared by the Probation Office for the Honorable Richard G. Sterns. The PSR prescribed an increased punishment under §4B1.1 provision, which increased petitioner's range of penalty from 27-33 months to 210-262 months. However, petitioner's acceptance of responsibility reduced his relevant statutory maximum to 24 months. §4B1.1 was not charged in the indictment, nor admitted by petitioner, neither was it proved beyond a reasonable doubt by petite jury. Thus the Court held that any fact that increase, alter, or varies the range of penalties to which a criminal defendant is exposed must be afforded the constitutional protections set forth in the fifth and sixth amendments.

The sentencing application applied in this case pursuant to §4B1.1 is unconstitutional whenever a judge rather than a jury is allowed to make a factual determination that hikes a defendant's punishment based on accusation not charged in the indictment and not proved beyond a reasonable doubt by a petite jury.

This case requires this court to applied the rule of Apprendi v. New Jersey, 530 U.S. 466, 490. In so doing, the Court noted that, just last year in Jones, (1999), the Court had expressed serious doubt concerning the constitutionality of allowing penalties enhancing findings to be determined by a judge by preponderance of the evidence. Id. at *5. The Court also endorsed the principles set forth in Justice Stevens and Justice Scalia's concurring opinions in Jones. Justice Stevens wrote: "[I]t is unconstitutional for a legislature to increase the prescribed range of punishment to which a defendant is exposed. Id. (citing Jones), 526 U.S. at 252-53, (Stevens, J., concurring).

Petitioner challenge the "increased" penalty pursuant to §4B1.1 to which he was sentenced to a term of 108 months under the plain error doctrine of Orlano test. Petitioner concedes he meets all of the four prongs of Orlano because:

1.) The district court's failure to instruct a jury as to the career offender status and that they, the jury are the sole province to determining the facts that increase the range of penalty to which petitioner was exposed by proof beyond a reasonable doubt is error. See Blakely v. Washington

2.) Subsequent to the district court's failure to instruct a jury, he (judge) by a preponderance of the evidence sentence petitioner to 108 months, a penalty beyond the prescribed relevant statutory maximum (24 months) which is based on only the facts admitted by petitioner, constituted plain error........

17