3.) because the Court's holding in Apprendi in other words 'relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When the judge in this case failed to instruct a charged (§4B1.1) and sentenced petitioner pursuant to that charge as prescribed in the PSR, violated petitioner's sixth amendment right of trial by jury.

4.) In this case, at sentencing, the process by which the district judge usurped a determination within a jury's sole province has no measurable amount of fairness and strikes at the reputation of the judicial proceedings.

The question in this argument is whether to let stand an increase of petitioner's sentence beyond the prescribed [r]elevant statutory maximum. It appears beyond a reasonable doubt that the Apprendi error complained of in this argument - sentencing petitioner to a greater term of imprisonment than that permitted under the law contributed to the sentence obtained, (108 months). There was absolutely no evidence of §4B1.1 presented in this case or to a jury for determination. The "increased" sentence was erroneous under the reasoning of Apprendi and Jones.

Now petitioner appeals. "[I]n reason, and by the great weight of authority, as the fact of a former conviction enters into the offence to the extent of aggravating it and increasing the punishment, it must be alleged in the information and proved like any other material fact, if it is sought to impose the greater penalty. The statute make the prior conviction a part of the description and character of the offence intended to punished" (citing Tuttle v. Commonwealth, 68 Mass. 505 (1854). Also see; State v. Smith, 129 709-12, 108 N.W. 187-89 (1906). In Richardson v. United States, 526 U.S. 813 (1999), the Court held that a jury must unanimously agree on which specific violation constitute the "continuing series" of three or more predicate violations required to prove that a defendant engaged in a continuing criminal enterprise ("CCE") under 21 U.S.C. § 848(a). Id at

18

815. More fundamentally, the question in Richardson was whether the statute phrases 'series of violations' refers to one element or whether those words create several elements, namely the several 'violations' in respect to each of which the jury must agree unanimously and separately." Id. at 817-18 (first and second emphais added).

The Court in this case should view Bynum like Richardson, §4B1.1 like 848(a). In this instant matter the jury in the second phase if the trial, see 21 U.S.C. § 841(a)1. See United States v. Jacobs, 44 F.3d 1219, 1223 (3d cir.) 1995, (bifurication of previous conviction elements in single - count), to occur after and only if the jury returns a guilty verdict on the underlying offence, a jury would consider all of the Notice of prior convictions in which an appropriate instruction to the jury is conducted. That did not occur in this case. A jury was not instructed on the status of petitioner's alleged previous convictions neither was a jury instructed on the enhancements sought upon petitioner's range of penalty. A jury did not unanimously agree on which alleged previous convictions constituted 'crime of violence' or 'controlled substance offence' and 'two prior felony convictions' as those terms are used in U.S.S.G. §4B1.2, of the three predicate offences required to prove that petitioner is a career offender.

In Apprendi, the Court, in striking down the New Jersey hate crime law, refused to accept "the novelty of a legislature scheme that removes the jury from the determination of a fact that, [I]f found, exposes the criminal defendant to a penalty exceeding the maximum he would receive if punished according to the facts reflected in the jury verdict alone." (emphasis added). Apprendi; 2000 WL 807189, at *10.

Petitioner explicitly expresses that the clear language of Apprendi declares that (any) fact other than the fact of a (prior conviction) be proved beyond a reasonable doubt extends to all uncharged conduct as well as charged statutes that legislature schemes have attempted to erode the rights of a defendant to have the suffrage

19

of twelve decide what are elements and what are facts within a statute that increases the range of penalty to which a defendant is exposed.

Although, the holding in Apprendi, 'with the exception of prior convictions', the holding clearly does not illustrate with the exception of U.S.S.G. § 4B1.1. The language in Apprendi can not be perceived no other way. Even though Almendarez-Torres, 530 U.S. at 520 remains good law, see Blakely v. Washington, 111 Wash. App. 351, 47 P.3d 149 (2004) reversed and remanded. If a precedent of this court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions the Court Of Appeals should follow the case which directly controls, leaving the court the prerogative of overruling it's own decisions; United States v. Weaver, 267 F.3d 231, 250-51 (3d. cir.)2001. In this instant matter the court should apply the holding in Blakely v. Washington appropriately consistent with the new rule of law. It continues to appear that the four dissenters in Almendarez-Torres plus Justice Thomas (author of a dissenting opinion in Harris 122 S.Ct. (2002)) are of the opinion that the Apprendi rule should extend to proof of a prior conviction which increases a statutory maximum sentence.

The Court held that the imposition of a sentence in excess of the maximum term supported by the jury's verdict violates Apprendi; but is subject to plain error review. Bynum in this brief, argues that the district court fail to empanel a jury and that they must be unanimous as to the particular violations making up 'crime of violence' or 'controlled substance' under §4B1.1 is clear error.

Notably, Justice Thomas, who provided the decisive vote in the 5-4 decision in Almendarez-Torres, wrote in concurrence in Apprendi that he erred in Almendarez-Torres. 530 U.S. at 520.

In Richardson vs. United States, 526 U.S. 813 (1999), the Court held that a jury must agree unanimously on which specific drug violation make up the 'continuing series of violations' under §848(c). That is, "a jury in a federal criminal case brought under §848 must

20

"must unanimously agree not that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series'. Id. at 815. Therefore, Richardson establishes that a defendant has a right to a jury instruction informing juries that they must agree on which acts constitutes the series of drug violations under § 848(c). This is Bynum claim, the district court committed clear error in failing to impanel a jury and instructing the jury as to §4B1.1 and sentencing Bynum beyond the relevant statutory maximum. The holding in Richardson should apply to this instant case, and in respect petitioner's sentence must be vacated.

The language in Apprendi could not be clearer, and the implications for §4B1.1 could hardly be more obvious. The must reach unanimously on factors which determine the maximum penalty available. For convictions under § 841(a), that means that the indictment must give (Notice Of §4B1.1); the jury not the judge must find by proof beyond a reasonable doubt the two predicate offences, for §4B1.1. See United States v. Cotton, U.S. 122 S.Ct. 1781 (2002).

In this case, petitioner was sentenced to more than seven (7) years above the 24 months relevant statutory maximum range of penalty because the district court's prejudgment of an issue of fact that Bynum was an career offender. The facts supporting that determination were neither admitted by petitoner nor found by jury beyond a reasonable doubt. Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. See Ring v. Arizona, supra at 602 ("the maximum he would receive if punished accored to the facts reflected in the verdict alone'," (quoting Apprendi, supra at 483); Harris v. United States, 536 U.S. 545, 563 (2002) (plurality opinion) (same); cf. Apprendi, supra, at 488 (facts admitted by the defendant). In other words, the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum sentence he may impose without and additional findings. When a judge inflicts punishment that the jury's verdict does not allow, the jury has not found all facts which the constitution makes essential to the

punishment, 'Bishop, supra, §87, at 55, and the judge exceeds his proper authority. The district court's sentencing procedure in this case deprived Bynum of his federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence. See Blakely v. Washington, 111 Wash.App. 851, 47 P.3d 149, reversed and remanded. Despite the guilty plea that was accepted by the court in a one count indictment, petitioner Bynum was entitled to have a jury empaneled. That jury, could then make the appropriate findings with respect to §4B1.1 charge, and thus proper sentencing could be achieved by proof beyond a reasonable doubt.

This case requires this court to apply the rule of Apprendi v. New Jersey, 530 U.S. 466, 490, that "all facts which must exist, in order to subject the petitioner to a legally prescribed punishment must be found by the jury by proof beyond a reasonable doubt." (Scalia, J., concurring) Id. at 252-53. And for the reasons set forth in this brief as described in the following:

(1) Apprendi was "convicted of possession of a firearm for an unlawful purpose." Apprendi, 120 S.Ct. at 2351. Bynum was convicted of violating 21 U.S.C. § 841(a), controlled substance statute;

(2) Absent any additional findings by the trial court, the maximum sentence that Apprendi faced would have been ten years in prison. Absent any additional findings by the district court, the maximum sentence Bynum could have faced was two years in prison according to the calculation of U.S.S.G. and the three point deduction for his acceptance of responsibility.

(3) New Jersey law provided that the trial court was required to sentence Apprendi to "an extended term" of up to twenty years if it determined that he "acted with a purpose to intimidate an individual . . . because of race." (emphasis added). N.J. Stat.Ann. §2C:44-3(e); See Id. §2C-43-7(a)(3) (providing that the extended term for a person convicted by a jury of a "crime of the second degree" shall be between

22

10 and 20 years"). The career offender provides that the district court was required by the PSR to sentence Bynum to an "extended sentence" of up to 15 years 8 months imprisonment, See Custis, 511 U.S. at 487, 490, 114 S.Ct. 1732, [I]f it determined that he "[h]as three previous conviction . . for either a 'crime of violence' or 'controlled substance' (emphasis added). See U.S.S.G. §4B1.1.

(4) The New Jersey trial court determined that Apprendi had committed his crime "with a purpose to intimidate" and sentenced him to a "12 year term of imprisonment," which was 2 years longer than Apprendi could have been sentenced to serve but for the "purpose to intimidate" determination. 120 S.Ct. at 2352. The district court determined that Bynum, "has prior offences are, "crime of violence" and "controlled substance" and sentenced Bynum to serve 108 months or (9 years) in prison, which was 7 years longer than Bynum could have been sentenced to serve but for the district court determination of "crime of violence" and "controlled substance".

(5) Apprendi held that "[O]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S.Ct. at 2362-63. Quoting Justice Scalia in Apprendi, "[a]ll the facts which must exist in order to subject the defendant to a legally prescribed punishment must be found by the jury by proof beyond a reasonable doubt." See Id. at 2367. The Supreme Court held that Apprendi's sentence violated this constitutional rule. See Id. at 2363. For the Court to do so, it needed to conclu[d]e that the "purpose to intimidate" determination increase[d] the statutory maximum. But if the New Jersey trial court's "purpose to intimidate" determination increased Apprendi's sentence beyond the prescribed statutory maximum, then the district court's 'crime of violence' and 'controlled substance' determination did the same to Bynum, the mechanics are identical.

23

In sum the indictment did not give Bynum notice of the factual circumstances that if proved would mandate an increase in his range of penalty. A jury was not instructed of the §4B1.1 charge. Petitioner, in this motion to vacate sentence, has presented more than enough factual evidence, with which to receive the relief he seeks . . . Evidence the law ably supports. The multitude of cases from the Supreme Court: Jones, 526 U.S. 227, Castillo, 120 S.Ct. 2090, Apprendi, 2000 WL 807189, and in particular, Blakely v. Washington, App. 851, 47 P.3d 149, mandates that Bynum's sentence of the district court be vacated.

### CONCLUSION

Based on the foregoing, petitioner's should be given immediate relief for "timed served" according to the original calculations, computed in the pre-sentence report ... Offence level-13, category III. In the alternative, petitioner's sentence of 108 months must be vacated and the "increased enhancements" as prescribed in the PSR must be invalidated so proper sentencing can be achieved.

The law requires no less!

Respectfully submitted:

Anthony Bynum
Reg. No. 24294-038
Petitioner- pro se
United States Penitentiary
PO Box 26030
Beaumont, Texas 77720-6030

24

## AFFIDAVIT

I, Anthony Bynum, declare under the penalty of perjury that the foregoing is true and correct.

## PROOF OF SERVICE

I, Anthony Bynum, certify that on this 21st day of July 2004, I caused a true and correct copy of the foregoing, Motion to Vacate, Set Aside, or Correct Sentence, Under Title 28 United States Code, Section 2255, by way of United States Mail, pre-paid postage, for delivery to the address as follows:

One (1) copy for the Clerk of Court, Mr. Tony Anastas.
One (1) copy for USA, Micheal Sullivan.

*[signature]*
ANTHONY BYNUM
Defendant/Petitioner, pro-se