UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANTHONY BYNUM | ) | |
| | ) | |
| v. | ) | Civil No. 04-11694-RGS |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

GOVERNMENT'S OPPOSITION AND RESPONSE TO DEFENDANT'S MOTION TO
VACATE AND CORRECT SENTENCE PURSUANT TO  28 U.S.C. § 2255

On March 31, 2003, the defendant, Anthony Bynum
("defendant"), pled guilty to a one-count indictment charging him
with distribution of crack cocaine, in violation of 18 U.S.C. §
841(a)(1).  On July 24, 2003, this Court sentenced the defendant
to 108 months in prison.  In advance of sentencing, a Presentence
Report ("PSR") was prepared by the United States Probation
Department, which identified the defendant as a Career Offender.
As a basis for this finding, the probation department identified
two predicate offenses from the defendant's criminal history: in
1995, in the Plymouth County Superior Court, the defendant was
convicted of distributing cocaine in a school zone [PSR ¶ 47];
and, in 2000, in the Brockton District Court, the defendant was
convicted of assault & battery [PSR ¶ 49].  The recitation of
facts supporting the assault and battery charge indicated that
the defendant slapped the victim, Tara Stone, in the face,
causing a black eye.  The PSR also indicated that the assault and
battery criminal complaint alleged that the defendant "did
assault and beat Tara Stone . . ." [PSR ¶ 49].  In imposing

sentence, the Court downward departed because the Career Offender status overstated the seriousness of the defendant's offense. [Court's Statement of Reasons].

The defendant now seeks relief under 28 U.S.C. § 2255. In his petition ("the Petition"), the defendant appears to make three claims. First, the defendant claims that his 2000 conviction for assault and battery does not qualify as a crime of violence for career offender purposes. His second, related, argument is that his lawyer improperly failed to make this argument at sentencing and this supposed failure amounts to ineffective assistance of counsel. Third, the defendant raises a Blakely v. Washington claim, arguing that his Sixth Amendment right to trial by jury was violated because the facts supporting his status as a Career Offender were neither admitted by him nor found by a jury.

A.    **Habeas Review Under 28 U.S.C. § 2255**

Section 2255, Title 28, United States Code, provides a means for collateral attack on the sentence under which a federal prisoner is confined. United States v. Haymen, 342 U.S. 205 (1952). The law is "well-settled" that "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). "A presumption of finality attaches to criminal convictions once all direct appeals have been exhausted."

2

Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994).
See also Barefoot v. Estelle, 463 U.S. 880, 887 (1983).

In order for relief to lie under §2255, the claimed error
must be jurisdictional, constitutional, "a fundamental defect
which inherently results in a complete miscarriage of justice",
or "an omission inconsistent with the rudimentary demands of fair
procedure." United States v. Addonozio, 442 U.S. 178, 185
(1979); Hill v. United States, 368 U.S. 424, 428 (1962). Simply
put, "post conviction relief on collateral review is an
extraordinary remedy, available only on a sufficient showing of
fundamental unfairness." Singleton, 26 F.3d at 236; See also
Brecht v. Abrahamson, 507 U.S. 619, 634-634 (1993).

Here, the defendant has failed to meet his burden.

**B.** **The defendant's prior conviction for assault and battery
falls within the definition of crime of violence under
U.S.S.G. §4B1.2.**

In his first claim, the defendant asserts that neither of
the two predicate offenses used to establish his Career Offender
status were factually or legally sufficient. [Petition p. 7]. In
his argument, however, the defendant appears only to contest the
sufficiency of his prior assault and battery conviction. In
support of his argument, the defendant asserts that the assault
and battery of Tara Stone (PSR ¶ 49) did not qualify as a Career
Offender predicate offense because it did not meet the definition
of a serious violent offense under 18 U.S.C. § 3559. The

3

defendant's reliance on § 3559--the federal three strikes provision--is obviously misplaced.  To qualify as a predicate offense under U.S.S.G §4B1.1, the Career Offender guideline, the offense must be a felony that is either a crime of violence or a controlled substance offense. [U.S.S.G §4B1.1(a)(3)].  A felony is simply any crime that is punishable by imprisonment for a term exceeding one year. [U.S.S.G §4B1.2].  The definition of crime of violence is found at U.S.S.G §4B1.2.  In addition to the enumerated offenses listed therein, a crime of violence is defined as an "offense that has as an element the use, attempted use, or threatened use of physical force against the person of another . . ." [U.S.S.G §4B1.2].

Pursuant to Massachusetts General Laws Chapter 265, § 13A, assault and battery is punishable by up to 2 ½ years in jail. Thus, the defendant's assault and battery conviction qualifies as a felony offense.

In United States v. Mangos, the First Circuit held that simple assault and battery, where the defendant is specifically charged with assaulting and beating the victim, is a crime of violence under the sentencing guidelines.  Mangos, 134 F.3d 460, 464 (1st Cir. 1997).  Although the precise issue in Mangos was whether simple assault and battery was a crime of violence pursuant to U.S.S.G. §2K2.1, that guideline provision refers to the definition of crime of violence contained in the career

4

offender guideline, U.S.S.G. §4B1.2.  In <u>Mangos</u>, as in this case, the charging document stated that Mangos "did assault and beat" the victim.  134 F.3d at 464.  The First Circuit found that this statement was sufficient to qualify the crime as charged as a violent felony offense, thereby placing defendant's offense into the harmful battery type and meeting the definition of a crime of violence under U.S.S.G. §4B1.2.  <u>Mangos</u>, 134 F.3d at 464.

It is thus evident that the Court here did not err in accepting the PSR's determination that the defendant's conviction for assault and battery was a crime of violence under the career offender guideline.  Under <u>Mangos</u>, the defendant's simple assault and battery conviction (PSR ¶49) qualifies as a crime of violence because the defendant was charged with assaulting and beating the victim, Tara Stone.  <u>See</u> <u>Mangos</u>, 134 F.3d at 464.  This, the Court has said, places the defendant's offense "into the harmful battery type" that makes it a crime of violence.  <u>Id</u>. at 464. The defendant has provided no evidence to suggest that he had been charged with, and pleaded guilty to, anything other than a violent and harmful type of assault and battery.  <u>See</u> 964 F.2d at 1237.

C.  **<u>Ineffective Assistance of Counsel</u>**

The Sixth Amendment to the United States Constitution states that "in all criminal prosecutions, the accused shall enjoy the right . . . to have assistance of counsel for his defense."  U.S.

Const. Amend. VI.  "It has long been recognized that the right to counsel is the right to effective assistance of counsel." <u>McMann v. Richardson</u>, 397 U.S. 759, 771, n. 14 (1970).  However, the United States Supreme Court has held that "judicial scrutiny of counsel's performance must be highly deferential." <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984).  Therefore, courts must "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." <u>Id</u>. at 689.

The standard employed for determining the merits of ineffective assistance claims is whether the assistance of defense counsel was reasonably competent, <u>i.e.</u>, whether the quality of defense counsel's representation was within the range of competence expected of attorneys in criminal cases. <u>United States v. Bosch</u>, 584 F.2d 1113, 1121 (1st Cir. 1978).  Effective representation does not mean errorless representation and "a choice between trial tactics, which appears unwise only in hindsight, does not constitute constitutionally-deficient representation under the reasonably competent assistance standard." <u>Bosch</u>, 584 F.2d at 1121. <u>See also</u> <u>United States v. Thomann</u>, 609 F.2d 560, 566 (1st Cir. 1979); <u>United States v. Garcia</u>, 698 F.2d 31, 35 (1st Cir. 1983).  Moreover, even deficient representation is legally insignificant unless accompanied by actual prejudice. <u>United States v. McGill</u>, 11 F.3d 223, 226 (1st Cir. 1993) ("petitioner must establish both

6

constitutionally deficient performance on his attorney's part and
concomitant prejudice").

In Strickland v. Washington, 466 U.S. 668 (1984), the United
States Supreme Court set forth a two-prong test for a claim of
ineffective assistance of counsel:

> First, the defendant must show that counsel's
> performance was deficient. This requires showing that
> counsel made errors so serious that counsel was not
> functioning as the counsel guaranteed by the 6th
> Amendment. Second, the defendant must show that
> counsel's errors were so serious as to deprive the
> defendant of a fair trial, a trial whose result is
> reliable.

A §2255 petitioner must demonstrate ineffective assistance of
counsel, as well as an entitlement to §2255 relief, by a
preponderance of the evidence. Lema v. United States, 987 F.2d
48, 51 (1st Cir. 1993); Barrett v. United States, 965 F.2d 1184,
1186 (1st Cir. 1992).

Here, the defendant's claim of ineffective assistance of
counsel is based upon the supposed failure of counsel to contest
and to adequately investigate the sufficiency of the defendant's
two predicate offenses which the Court relied upon to establish
his Career Offender status. [Petition p.9-10]. As it relates to
the defendant's prior conviction for distribution of cocaine in a
school zone, the defendant fails to state what counsel would have
uncovered if he had investigated thoroughly. Hence, the
defendant has failed to assert any actual prejudice. As to the

7

assault and battery predicate, the defendant contends that had
counsel adequately investigated, he would have discovered the
"'mitigating evidence' surrounding the 'lack' of qualifying
criteria . . . ." [Petition p. 9].  Specifically, the defendant
asserts that counsel should have made the same argument advanced
by the defendant in his Petition.  As stated above, the
defendant's argument pertaining to the sufficiency of the
underlying assault and battery conviction is without merit.
Thus, in essence, the defendant's ineffective assistance of
counsel argument is predicated upon counsel's failure to advance
a frivolous argument.  Consequently, the defendant cannot
demonstrate any prejudice and his argument therefore fails.

**D.    <u>Blakely v. Washington</u>**

The defendant's final claim is that he was deprived of his
right to have a jury determine whether his prior convictions
qualified him as a career offender.  In advancing this argument,
the defendant relies on the Supreme Court's holdings in <u>Apprendi
v. New Jersey</u>, 530 U.S. 466, 490 (2000), and <u>Blakely v.
Washington</u>, 124 S. Ct. 2531 (2004).

As a preliminary matter, the government asserts that the
defendant is barred from using <u>Blakely</u> as a basis to collaterally
attack his sentence.  <u>See</u> <u>Sepulveda v. United States</u>, 330 F.3d
55, 60 (1st Cir. 2003).  In <u>Sepulveda</u>, the First Circuit held
that the <u>Apprendi</u> rule cannot be characterized as a watershed

8

rule of criminal procedure, weighing against its retroactive application. Id.  The First Circuit stated:

> Although the Apprendi rule is important as a means of clarifying the proper factfinding roles of judge and jury, it affords an innocent defendant no additional shield from wrongful conviction.  Refined to bare essence, the rule "merely limits the potential penalty to be imposed on [an undoubtedly] guilty defendant" to that designated by statute.

Id. (citations omitted).  Even assuming that Blakely applies to the Federal Sentencing Guidelines, the holding in Blakely merely changes (or clarifies) the definition of "statutory maximum."  As an extension of Apprendi, it is not a watershed rule of criminal procedure and, therefore, it does not apply retroactively to a collateral motion to correct or vacate a sentence under 28 U.S.C. § 2255.

Pursuant to its express terms, the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), does not apply to sentencing enhancements arising out of a defendant's recidivism.  In Blakely, the Supreme Court reaffirmed the established precedent that a court may enhance a defendant's sentence based upon a review of the defendant's entire criminal history, i.e. recidivism.  Id. at 2536.  Thus, facts concerning a defendant's criminal history need not be presented to a jury even though such facts lead to an enhancement in the defendant's sentence.  See e.g., Almendarez-Torres v. United States, 523 U.S. 224, 229-48 (1998); United States v. Pacheco-Zepeda, 234 F.3d

9

411, 413-15 (9th Cir. 2001). As a result, a defendant may not properly challenge, under <u>Blakely</u>, an enhancement to his or her sentence that is predicated upon the defendant's criminal history, including a calculation of the defendant's Criminal History Category under the Sentencing Guidelines. Indeed, the defendant himself acknowledges that <u>Almendarez-Torres</u> remains good law after <u>Blakely</u>. [Petition p. 20]. Yet, the defendant essentially asks this Court to ignore <u>Almedarez-Torres</u> because it appears that five justices of the Supreme Court are of the opinion that the <u>Apprendi</u> rule should extend to proof of a prior conviction that increases a statutory maximum penalty. The defendant's claim is simply without merit. As stated above, <u>Almedarez-Torres</u> remains good law. Thus, the defendant was not entitled to have a jury determine whether he was a Career Offender.

**CONCLUSION**

Based on the foregoing, the government respectfully requests that the Petition be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: <u>/S/ William H. Connolly</u>
WILLIAM H. CONNOLLY
Assistant U.S. Attorney
One Courthouse Way
Boston, MA

10

11