UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11694- RGS

ANTHONY BYNUM

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER ON PETITIONER'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

October 25, 2004

STEARNS, D.J.

After he pleaded guilty to the distribution of cocaine base (crack cocaine), a violation of 18 U.S.C. § 841(a)(1), the court sentenced petitioner Anthony Bynum to 108 months in prison. In calculating Bynum's sentence, the court identified two prior convictions that designated Bynum as a Career Offender. Both were state convictions. The first occurred in 1995 – distribution of cocaine in a school zone, an offense which carries a mandatory two year sentence to be served from and after the sentence imposed for the underlying distribution, which itself is punishable by a maximum sentence of ten years. See M.G.L. c. 94C, §§ 32J; 32A. The second conviction, which entered in 2000, was for an assault and battery on Bynum's then girlfriend, an offense punishable by a maximum sentence of two and one-half years.[1] Bynum challenges the court's classification of this latter offense as a violent crime, arguing that "[t]he domestic violence complaint, was a misdemeanor, under Massachusetts' Law, that did not carry a maximum penalty of

---

[1] Although assault and battery is classified as a misdemeanor by the Commonwealth of Massachusetts, for sentencing purposes federal law classifies any offense with a maximum sentence in excess of one year as a felony. U.S.S.G. § 4B1.2(a).

10-years or more . . . nor, was the open-hand slap of [the victim] an attempt, or threat of more physical force, as an incitement, to comply with other criminal acts." Petition, at 8.

"Under the sentencing guidelines, career offender status attaches if (1) the defendant achieved the age of majority [18] before committing the offense of conviction, (2) that offense is a felony which can itself be characterized as either a crime of violence or controlled substance offense, and (3) the defendant's criminal history reflects a minimum of two prior felony convictions (known colloquially as 'predicate offenses') for either crimes of violence or crimes involving controlled substances." United States v. Winter, 22 F.3d 15, 17 (1st Cir. 1994). See U.S.S.G. § 4B1.1(a). A crime of violence is an offense involving the use of physical force against the person of another punishable by a term of imprisonment exceeding one year. U.S.S.G. § 4B1.2(a)(1). If a defendant is classified as a career offender, his criminal history category (CHC) must "in every case" be set at Category VI, even where the court applies a higher non-career offense level pursuant to U.S.S.G. § 4B1.1. United States v. Ventura, 353 F.3d 84, 90 (1st Cir. 2003). It remains open, however, for the court to depart downward on grounds that the CHC overstates a defendant's record.[2] United States v. Mayes, 332 F.3d 34, 36 (1st Cir. 2003), citing United States v. Lindia, 82 F.3d 1154, 1165 (1st Cir. 1996), but questioning Lindia's "durability."

In deciding whether an underlying offense is a predicate offense, a court looks first to the statutory definitions. United States v. Rose, 104 F.3d 1408, 1418 (1st Cir. 1997)

---

[2]The court did so in Bynum's case, by departing downward to a CHC of III.

(where the conviction was for breaking and entering with the intent to commit larceny, it was irrelevant that no physical force was actually used against another).  See Taylor v. United States, 495 U.S. 575, 600 (1990) (mandating a "categorical" approach).  If the statute contains language covering both violent and non-violent crimes, a court may look to the charging document and jury instructions.  If these do not provide an answer (if, for example, the prior conviction resulted from a guilty plea), the court may as a last resort look to the underlying conduct.  See United States v. Delgado, 288 F.3d 49, 52-53 (1st Cir. 2002) (approving resort to the police report of the underlying incident).

The Massachusetts assault and battery statute, G.L. c. 265, § 13A (as it appeared at the time of Bynum's offense),[3] punished both harmful and non-harmful but offensive touchings.  See Commonwealth v. McCan, 277 Mass. 199, 203 (1931).  As the former is a crime of violence (while the latter is not), in determining Bynum's CHC, the court, following Taylor's directives, looked first to the charging document. Because the complaint charged that Bynum "did assault and beat" the victim, the offense was categorically a crime of violence, and the court consequently looked no further.[4]  See United States v. Santos, 363 F.3d 19, 23-24 (1st Cir. 2004); United States v. Mangos, 134 F.3d 460, 464 (1st Cir. 1998).

Bynum's remaining arguments need little discussion.  Bynum's claim that his attorney was ineffective for failing to argue at sentencing that the assault and battery

---

[3] The statute was amended in 2002 to provide a five year sentence for certain aggravated forms of assault and battery.

[4] Had it done so, it would have found that Bynum struck the victim with an open hand on the side of her head with sufficient force to blacken both of her eyes and leave visible red marks.

conviction was not a crime of violence is precluded by what has been said regarding the offense.  By definition, an attorney cannot be ineffective for failing to make a legally incorrect argument. Finally, whatever the holding of Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004), may portend for the sentencing guidelines, its dictates do not apply to sentencing enhancements based on a defendant's prior convictions.  Id. at 2536.

## ORDER

For the foregoing reasons, the relief requested is DENIED and the petition is DISMISSED.

SO ORDERED,

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE