UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Petitioner,<br>v.<br>ANTHONY BYNUM,<br>       Respondent, | NOTICE OF APPEAL<br>Civil No. 04-11694-RGS |

William H. Connolly,
U.S. Atty
1 Courthouse Way, Suite 9200
Boston, MA 02210

    Anthony Bynum, defendant, respectfully files **NOTICE OF APPEAL** to the United States Court of Appeals for the First Circuit of this Court's order stamp dated and filed May 12, 2005, allowing defendant to submit a late notice of appeal for this Court's order denying defendant/petitioner's matter under 28 U.S.C. § 2255.

    Declaration of service is made to the above named party.

    Finally, defendant additionally submits a request to the Court to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) based on the following:

        **(i)** Failure of the Court to review and apply the principles as set forth in First Circuit authority <u>United States v. Albanese</u>, 287 F.3d 228(1st Cir. 2002) **(ii)** The District Court granted defendant leave to submit a late filing of a notice of appeal, thereby extending said time for filing his notice of appeal, however, in the interim period, the Court failed to review defendant's case in light of the recent Supreme Court decision

Shepard v. United States, 544 U.S. (2205). Since defendant's time for filing had been tolled, no default ensued as a result which allowed the District Court discretion to review his claims in light of Shepard. In failing to allow defendant to embrace those principles as announced in Shepard only further compounded the clear and obvious error which affected defendant's substantial rights and adversely impacted the fairness integrity, or public reputation of Judicial Proceedings. United States v. Olano, 123 L/Ed2d 508. (iii) Although in this instant matter the District Court's order denying defendant's motion alleged that the Court reviewed or rather looked at the charging document in following Taylor directives, such allegations are belied by the record of the Court, since the only information upon which the District Court relied had in fact been the statements within the presentence report. No other eveidence or information was introduced or examined by the Court to meet that threshold requirement for purposes of career offender or armed career criminal act as explained in Shepard, Taylor, and(U.S. v. Albanese, First Circuit). (iv) finally, the District Court erred in in its classification of the offenses as violent crimes, since there was presented no documentary evidence, information, statues, or colloquy to make such classification or determination, since it does appear that appellant plead to lesser charges than those alleged in the un-produced police reports, complaints, indictment, ect. Thus, defendant prays this Court issue a certificate of appealability, defendant avers that he has met the substantial showing of the denial of [a] federal right expressed in Barefoot v. Estelle, 463 U.S. 880, 893(1983).

Dated:   May 26th, 2005

Respectfully submitted
*Anthony Bynum*
Anthony Bynum- pro se
# 24294-038
P.O. Box 1000
Otisville, NY 10963

CERTIFICATE OF SERVICE

I, Anthony Bynum, defendant, declare under penalty of perjury that a true and correct copy of said NOTICE OF APPEAL was served this 20th day of May, 2005, Upon the Honorable Richard G. Stearns, United States District Court Judge, 1 Courthouse Way, Suite 2300, Boston, MA 02210 and William H. Connolly United States Attorney, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

Dated: May 20th, 2005

Anthony Bynum
# 24294-038
P.O. Box 1000
Otisville, NY 10963