UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| Respondent, | : |
| | : |
| v. | :   DC No. 04-cv-11694 |
| | :   No. 05-1840 |
| | : |
| ANTHONY BYNUM | : |
| Petitioner. | : |

## APPLICATION FOR A CERTIFICATE OF APPEALABILITY

COMES NOW Petitioner-Appellant Anthony Bynum, acting on his own behalf, in pro se, ("hereinafter Bynum") respectfully submits as directed by the United States Court of Appeals for the First Circuit his application for a certificate of appealability dated August 12, 2005. Consequently, the order of the Appeals Court stated: "It does not appear that Bynum has filed a request for a certificate of appealability in the district court." However, within Bynum's Notice of appeal at page one and two, Bynum did apply for a certificate of appealability which stated that he Bynum, in addition to the notice of appeal requested to the court that it issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) based on four specified reasons and issues.

Moreover, on page two of Mr. Bynum's Notice of Appeal he prayed that the Court issue a (C.O.A.) based on his demonstration and showing of of the denial of a constitutional right under the Barefoot standard. See attached copy of original Notice of Appeal

respectively, this Honorable Court had not circumvented Mr.

Bynums application and issuance nor altered the procedures by which he may appeal this District Court's denial of his 2255 motion.   In fact, the District Court after rendering its judegment had not stated any specific reasons whether such certificate should not issue or why, neither did it claim or state that: any appeal from its order would be taken in bad faith.   What had taken place, was that the Court after Mr. Bynum filed his notice of appeal/application for certificate of appealability forwarded to the Court of appeals Bynum's notice of appeal which had incorporated his application for a certificate of appealability which appeared to indicate that his appeal may proceed through its silence whether a C.O.A. would issue, or whether it would be taken in bad faith.

Albeit that Mr. Bynum should overreach or misread any Court intent, or the lack thereof, thus Mr. Bynum would re-apply for an application for a certificate of appealability as directed by the First Circuit Court of Appeals based upon the issues presented in his original Notice of Appeal/Request for Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c) attached as exhibit A..

## CONCLUSION

Through an inadvertent oversight or review by the Circuit Court of Appeals that is not causing Bynum any prejudice, barring his re-filing for a C.O.A., and the fact that Mr. Bynum had in fact filed to this Court for a certificate of appealability, MR. Bynum would hope, pray that the Court would again take the same

2

posture as in its previous and original judgement and order by issuing a certificate of appealability because Bynums's pleadings had been filed in conformity with local rules 22.1., and 28 U.S. C. § 2253(c) and submitted to this Court for determination whether a certificate should issue, which the Court withheld specificity as to which claims may proceed. Should not therefore be the cause or prejudice the claim or issues for proceeding forward.

Hence Mr. Bynum again submits application for a certificate of appealability as directed and prays that such certificate would again be issued.

Dated:   August 22, 2005                    Respectfully submitted

By: _____

Anthony Bynum, pro se
#24294-038
P.O. Box 1000
Otisville, NY 10963

## CERTIFICATE OF SERVICE

I, Anthony Bynum, Petitioner, declare under penalty of perjury that a true copy of the original of the instant pleadings was served this 22, day of August, 2005, upon the Honorable Richard G. Stearns, United States District Judge, 1 Courthouse Way, Suite 2300, Boston, MA 02210 and William H. Connolly United States Attrney, 1Courthouse Way, Suite 9200, Boston, MA 02210.

Dated:   August 22, 2005                    Anthony Bynum