UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Civ. Action No. 04-11694-RGS |
| | ) | |
| ANTHONY BYNUM | ) | |
| | ) | |

GOVERNMENT'S RESPONSE TO PETITIONER'S APPLICATION FOR A
CERTIFICATE OF APPEALABILITY

The United States, by and through United States Attorney Michael J. Sullivan and Assistant United States Attorney William H. Connolly, hereby submits this memorandum in opposition to petitioner Anthony Bynum's Application fro a Certificate of Appealability.

On October 25, 2004, this Court denied petitioner Anthony Bynum's ("Bynum") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255, and dismissed his §2255 motion. October 25, 2004 Memorandum and Order ("Mem."). Bynum's §2255 motion was based upon his claim that the Court erred in sentencing him as a career offender because one of the predicate offenses relied upon by this Court--a state conviction for assault and battery--did not qualify as a crime of violence pursuant to U.S.S.G. § 4B1.2(a)(1). In finding that Bynum's assault and battery conviction qualified as a crime of violence, the Court "looked first to the charging document," and "[b]ecause

-1-

the complaint charged that Bynum 'did assault and beat' the victim, the offense was categorically a crime of violence" pursuant to United States v. Santos, 363 F.3d 19, 23-24 (1st Cir. 2004) and United States v. Mangos, 134 F.3d 460, 464 (1st Cir. 1998). (Mem. p. 3). Because the complaint clearly identified the offense as a crime of violence, "the court consequently looked no further." (Mem. p. 3).

Bynum has now filed a *pro se* motion for a certificate of appealability ("COA") of the district court's denial and dismissal of his §2255 motion. In his application, Bynum requests that a COA issue "based upon the issues presented in hi original Notice of Appeal/Request for Certificate of Appealability." In his original notice of appeal, Bynum asserted that the court failed to review his case in light of the Supreme Court's ruling in Shepard v. United States, 125 S.Ct. 1254 (2005).

The government respectfully opposes the issuance of a COA in this case. Pursuant to 28 U.S.C. §2253(c)(2), to obtain a COA, an applicant must make a "substantial showing of the denial of a constitutional right." See Tse v. United States, 290 F.3d 462, 463 (1st Cir. 2002) (*per curiam*).

To the extent Bynum relies on Shepard for his claim, the government submits that that very recent decision does not apply retroactively. Even though the First Circuit has not yet ruled

directly on the retroactivity of Shepard, several district courts in other circuits have either held or suggested that Shepard is not retroactive.  See Olivas-Gutierrez v. United States, 2005 U.S. Dist. LEXIS 9900, * 15 (W.D. Tex. 2005) (holding that the Shepard rule does not apply retroactively because it is a procedural rule that "does not seriously diminish the likelihood of an accurate conviction" and therefore does not qualify as one of "the small set of watershed rules of criminal procedure implicating fundamental fairness or the accuracy of the criminal proceeding" that are given retroactive effect); United States v. Olusajo, 2005 U.S. Dist. LEXIS 8732, * 2 (E. D. Penn. 2005) (noting that it is "unlikely that Shepard would be given retroactive applicability").  The First Circuit's analysis in Cirilo-Munoz v. United States, 404 F.3d 527, 532-33 (1st Cir. 2005), where it held that Booker does not apply retroactively, suggests that Shepard also should not be given retroactive effect.  The First Circuit observed that the Supreme Court decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) does not apply retroactively and reasoned that, since Booker flows from the decision in Apprendi, Booker similarly is not retroactive. Id.  Since Shepard, which also involves a new constitutional rule regarding the application of sentence enhancements, falls into the same line of cases as Apprendi and Booker, the government submits that Shepard also does not apply retroactively.

Even if one assumes for the sake of argument that Bynum's complaint is not time-barred and that <u>Shepard</u> does apply retroactively, Bynum's <u>Shepard</u> argument simply fails on the merits. <u>Shepard</u> held that a sentencing court may not look beyond the charging documents to the underlying police reports for the purpose of identifying predicate offenses to enhance a defendant's sentence under the Armed Career Criminal Act (ACCA). <u>Id.</u> at 1257. Given the similarity between the ACCA's definition of "violent felony" and Section 4B1.1's reference to a "crime of violence," the First Circuit has applied the <u>Shepard</u> ruling to career offender sentences. <u>United States v. Jackson</u>, 2005 U.S. App. LEXIS 10049, *1, n. 1 (1st Cir. 2005). As this Court "looked first to the charging document" and the court "looked no further," (Mem. p. 3) the Court adhered to the dictates of <u>Shepard</u>. Hence, Bynum's claim fails.

The petitioner has failed to make a "substantial showing of the denial of a constitutional right." See <u>Tse v. United States</u>, 290 F.3d 462, 463 (1st Cir. 2002) (*per curiam*).

                                     MICHAEL J. SULLIVAN
                                     United States Attorney

                       By:  <u>/s/ William H. Connolly</u>
                          William H. Connolly
                          Assistant U.S. Attorney

DATE:    October 7, 2005